07 1226

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 22 2007
BROOKLYN

COGAN, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WACLAW SOBCZAK and RADOSLAW GARDOCKI
on behalf of themselves and others similarly situated,

Docket No.:

Plaintiffs,

CLASS ACTION

JURY TRIAL
-against-                                    DEMANDED

AWL INDUSTRIES INC., PAVLOVICH & COMPANY, LLC
and ROBERT PAVLOVICH,

Defendants.

------------------------------------------------------------X

## COMPLAINT

1.    Plaintiffs, Waclaw Sobczak ("Sobczak") and Radoslaw Gardocki ("Gardocki"),

(collectively, the "Plaintiffs"), individually and on behalf of others similarly

situated by their attorneys, Robert Wisniewski, P.C., as and for their Complaint

against the Defendants AWL Industries, Inc., ("AWL"); Pavlovich & Company,

LLC, ("Pavlovich & Co.") (AWL and Pavlovich & Co. are collectively referred to

as the "Corporate Defendants") and Robert Pavlovich ("Pavlovich" or the

"Individual Defendant"), state as follows:

-1-

## NATURE OF THE ACTION

2. Plaintiffs on behalf of themselves and others similarly situated (See **Exhibit 1**) bring this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the New York Minimum Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA"), the New York State Labor Law ("Labor Law") § 198-b and §193 and the New York state common law.

3. The Individual Defendant is the officer, shareholder, manager and/or majority owner of the Corporate Defendants, which provides services in the area of construction on city, state and federal public job sites within the New York City area. Plaintiffs have been employed by Corporate Defendants as carpenters, who regularly worked over 40 hours per week, but were not compensated properly for the hours they worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiffs, at all relevant times herein, were and are residents of the State of New York, Counties of Kings and Queens.

5. Defendant AWL at all relevant times herein, was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business within the State of New York.

6. Defendant Pavlovich & Co. at all relevant times herein, was and is a domestic limited liability company duly organized under, and existing by virtue of, the laws

-2-

of the State of New York and having its principal place of business within the
State of New York.

7. The Individual Defendant at all relevant times herein was and still is a resident of
the State of New York, County of Nassau.

8. The Individual Defendant is the officer, director, manager and/or majority
shareholder or owner of the Corporate Defendants and as one of the ten largest
shareholders is individually responsible for unpaid wages under the New York
Business Corporation Law (See **Exhibit 2**).

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337
(Regulation of Commerce). This Court has jurisdiction over the Plaintiffs' state
law claims pursuant to 28 U.S.C. §1367.

10. The Defendants engage in an enterprise whose annual volume of sales made or
business done is not less than $500,000.00, the activities of which affect interstate
commerce in that the employees of said Defendants handle, sell or otherwise work
on goods or materials that have been moved in or produced for interstate
commerce, and defendants are thus employers subject to the jurisdiction of the
FLSA.

11. This Court has personal jurisdiction over the Corporate Defendants and the
Individual Defendant in that all Defendants are the citizens and residents of the
State of New York.

12. This Court is a proper venue for this action, pursuant to, among other grounds,
28 U.S.C. § 1391(b).

-3-

## JURY DEMAND

13.    Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14.    Plaintiffs and others similarly situated have been employees of the Corporate

Defendants during the six years immediately preceding the initiation of this action

and have performed labor and services as carpenters and laborers as defined by the

FLSA and the NYMWA and regulations promulgated by the Department of

Labor's Wage and Hour Division, but Plaintiffs have not received the

compensation required by the FLSA, the NYMWA and/or the common law of the

State of New York.

15.    The Corporate Defendants are engaged in provision of goods and services relating

to the construction in the city of New York and its vicinity.

16.    Plaintiff Sobczak was employed by the Corporate Defendants as a carpenter from

approximately February, 2003 through April, 2005.

17.    Plaintiff Gardocki was employed by the Corporate Defendants as a carpenter from

approximately October 6, 2004 to June 8, 2005 and from December 1, 2005 to

April 12, 2006.

18.    Plaintiffs and others similarly situated regularly worked at least 40 hours per week

but were not paid for all the time they worked for the Corporate Defendants.

19.    Plaintiffs and others similarly situated regularly worked in excess of 40 hours per

week but were not paid the proper overtime rate under Federal and New York

State law.

-4-

20.     At all times herein, Defendant AWL was and still is a domestic business
        corporation duly organized under, and existing by virtue of, the laws of the State
        of New York, and presently having its principal place of business at: 460 Morgan
        Avenue, Brooklyn, NY 11222.

21.     At all times herein, Defendant Pavlovich & Co. was and still is a limited liability
        company duly organized under, and existing by virtue of, the laws of the State of
        New York, and presently having its principal place of business at: 460 Morgan
        Ave, Brooklyn, NY 11222.

22.     At all times herein, the Corporate Defendants transacted and still transact
        substantial business and derived and still derive substantial revenue from services
        rendered in the State of New York.

23.     The Corporate Defendants bid upon, obtained and performed, publicly-financed
        projects, i.e., city, state and federal projects.

24.     The Corporate Defendants performed contracts entered into between it and the
        various governmental instrumentalities, which contracts were covered by the
        relevant provisions of the New York Labor Law and various federal laws relating
        to "prevailing wages" to be paid to employees of the Corporate Defendants.

25.     The Corporate Defendants entered into a contract with Plaintiffs to perform the
        work for which Plaintiffs provided labor, and that such work was part of publicly
        financed projects covered by the provisions of New York Labor Law and various
        federal laws.

26.     When the Corporate Defendants entered into the aforesaid contracts to perform

-5-

the work for which Plaintiffs provided labor, the Corporate Defendants were required, under relevant law, to pay its employees, including the Plaintiffs, a "prevailing wage" that was specified in such contract or was incorporated by reference into such contract.

27. Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other federal law, in respect to their work on the projects for which they provided labor.

28. At all times herein, the Individual Defendant was and still is an owner, director, officer, manager, employee and/or agent of the Corporate Defendants.

29. At all times herein, the Individual Defendant has conducted business as the Corporate Defendants.

30. At all times relevant herein, the Individual Defendant has acted for and on behalf of the Corporate Defendants, with the power and authority vested in him as officer, agent and an employee of the Corporate Defendants, and has acted in the course and scope of his duties and functions as agent, employee and officer of the Corporate Defendants.

31. The Corporate Defendants are alter egos of each other, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendants have no separate legal existence from each other, and, as a result, the Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

32. The Corporate Defendants are alter egos of the Individual Defendant, and

-6-

as will be established at trial, for the purpose of the claims made by Plaintiffs
herein, the Corporate Defendants have no separate legal existence from the
Individual Defendant, and, as a result, the Corporate Defendants, individually and
collectively, and jointly and severally, are liable for all claims made herein.

33.     Upon information and belief, at all times relevant herein, Defendants
        AWL and Pavlovich & Co. were joint employers of Plaintiffs; shared public
        works and other jobs with each other; were joint venturers on such projects; had
        common employees; and were alter egos of each other such that they do not have
        separate existence from each other, and as will be established at trial, for the
        purpose of the claims made by Plaintiffs herein, each of the Corporate Defendants
        has no separate legal existence from each other and collectively, and jointly and
        severally, the Corporate Defendants are liable for all claims made herein by
        Plaintiffs.

34.     At all times relevant herein, the Individual Defendant has directly managed,
        handled, or been responsible for, the payroll and/or payroll calculations and
        signing or issuing checks for the Plaintiffs by virtue of his position with the
        Corporate Defendants has been responsible for the proper management and
        handling of the payroll and payroll calculations at the Corporate Defendants.

35.     The Individual Defendant has willfully and intentionally acted to violate the laws,
        rules, regulations, statutes and wage orders alleged herein, and by doing so and by
        virtue of his positions as a controlling owner, shareholder, director, officer and/or
        manager of Corporate Defendants, has assumed personal liability for the claims of

the Plaintiffs herein.

36.     The various violations of law which are alleged herein were committed

        intentionally and/or willfully by the Defendants.

37.     The Defendants are joint employers of Plaintiffs and as a result, all Defendants,

        individually and collectively, and jointly and severally, are liable for all claims

        made herein.

### CLASS ALLEGATIONS

38.     Plaintiffs bring this action on behalf of themselves and all other persons who were

        or are employed by the Corporate Defendants as carpenters and laborers and

        others who performed same or similar work, labor and services but did not receive

        the compensation required by the FLSA, other provisions of the Federal Labor

        Law, the NYMWA, and the common law of the State of New York.

39.     Upon information and belief, this class of persons consists of not less than fifty

        (50) persons, and the class is thus so numerous that joinder of all members is

        impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

40.     There are questions of law and fact common to the class which predominate over

        any questions affecting only individual members, specifically: whether the

        employment of the Plaintiffs by Corporate Defendants is subject to the jurisdiction

        and the wage, prevailing wage and overtime requirements of the FLSA and the

        NYMWA and the common law of New York.  Only the amount of individual

        damages sustained by each class member will vary.

41.     The claims of the named Plaintiffs are typical of the claims of the above-described

-8-

class in that all of the members of the class have been similarly affected by the acts and practices of the Corporate Defendants.

42. The named Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

44. The named Plaintiffs bring the first through the third claims for relief herein on behalf of themselves individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that the named Plaintiffs and all persons similarly situated have against Corporate Defendants as a result of Corporate Defendants' violations under the FLSA, the Labor Law, other provisions of the Federal Labor Law and the common law of the State of New York.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract against Corporate Defendants)

45. Plaintiffs repeat and reallege each and every allegation as previously set forth.

46. Plaintiffs and all others similarly situated agreed to perform work and services as laborers for Corporate Defendants.

47. Plaintiffs and all others similarly situated satisfactorily supplied labor in connection with and in furtherance of the work required under the Corporate Defendants' construction contracts with various governmental instrumentalities and in doing so, complied with the terms of their employment agreements with the

-9-

Corporate Defendants and were therefore entitled to wages they rightfully earned while working for Corporate Defendants.

48. The Defendants failed or refused to pay Plaintiffs and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants.

49. The Corporate Defendants' failure or refusal to pay Plaintiffs and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants constitutes a breach of Plaintiffs' employment agreements with the Corporate Defendants.

50. That by virtue of the foregoing breach of contract by Corporate Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and others similarly situated should have been paid as contemplated by their respective employment agreements with the Corporate Defendants, less amounts actually paid to Plaintiffs and others similarly situated, together with an award of interest, costs, disbursements, attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Third Party Beneficiary Claim)

51. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

52. Defendants were required, under New York Labor Law and federal laws, to pay their employees, including Plaintiffs and others similarly situated, a "prevailing wage" that was specified in such contracts or was incorporated by reference into

-10-

such contracts.

53.     Plaintiffs and others similarly situated were persons covered by, or the intended
        third-party beneficiaries of, the contracts entered into by the Corporate Defendants
        with the various instrumentalities of city, state and federal government to perform
        work on public works, which were covered by the provisions of New York Labor
        Law and various federal laws.

54.     In accordance with the terms and conditions of the Corporate Defendants'
        construction contracts with various governmental instrumentalities, and the
        relevant provisions of the New York Labor Law and various federal laws relating
        to "prevailing wages" to be paid to employees of the Corporate Defendants,
        Plaintiffs and others similarly situated should have been paid the prevailing wage
        and prevailing wage supplements for the work and labor Plaintiffs and others
        similarly situated supplied in connection with and in furtherance of the work
        contemplated by such contracts.

55.     The Corporate Defendants knowingly and willfully failed or refused to pay
        Plaintiffs and others similarly situated the prevailing wage and prevailing wage
        supplements for regular and overtime hours of work in connection with the
        execution of the Corporate Defendants' contracts with various governmental
        instrumentalities.

56.     The Corporate Defendants' failure or refusal to pay Plaintiffs and others similarly
        situated the prevailing wage and prevailing wage supplements constitutes a
        material breach of the Corporate Defendants' contracts with various governmental

-11-

instrumentalities.

57.    Defendants violated the provisions of New York Labor Law in that they failed to

pay the Plaintiffs and others similarly situated the prevailing wages required

under the relevant laws.

58.    Plaintiffs and others similarly situated did not receive the monies they were due

as beneficiaries of New York Labor Law and/or various federal laws, which

provided for the payment of prevailing wages, and as a result, seek a judgment for

damages based upon an accounting of the amount of monies Plaintiffs and others

similarly situated were paid and the amount Plaintiffs and others similarly

situated should have been paid in prevailing wages, together with an award of

interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes

and such other relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF
## (NYMWA)

59.    Plaintiffs repeat each and every allegation previously made herein.

60.    Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law § 198 and the

Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-143, Plaintiffs

and others similarly situated were entitled to certain hourly minimum wages,

overtime wages, and other wages, all of which the Defendants intentionally failed

to pay in violation of such laws.

61.    Wherefore Plaintiffs seek a judgment on behalf of themselves and others similarly

situated against all Defendants for all wages which should have been paid, but

were not paid, pursuant to the NYMWA and the Wage Orders issued thereunder

-12-

and the other provisions of the Labor Law; the total amount of such unpaid wages
to be determined at trial upon an accounting of the hours worked by, and wages
paid to, each Plaintiff, along with an award of attorneys' fees, interest and costs as
provided under the NYMWA and Labor Law § 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (FLSA)

62. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

63. Plaintiffs bring this claim for relief on behalf of themselves and others similarly
situated pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and §
207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, Plaintiffs
were entitled to a minimum wage and an overtime hourly wage of time and one-
half their regular hourly wage for all hours worked in excess of forty hours per
week.

64. Plaintiffs and others similarly situated worked more than forty (40) hours per
week for Defendants, and Defendants willfully failed to make said minimum
wage and/or overtime payments.

65. Plaintiffs seek a judgment for unpaid overtime wages, such sums to be determined
based upon an accounting of the hours worked by, and wages actually paid to
Plaintiffs, and Plaintiffs also seek an award of liquidated damages, attorneys' fees,
interest and costs as provided for by the FLSA.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction
herein and thereafter Plaintiffs demand a trial by jury and judgment against all defendants
as follows:

1.  Compensatory damages in an amount to be determined at trial, together
    with interest;

2.  Liquidated damages pursuant to the FLSA and NYMWA;

3.  Punitive damages in an amount to be determined at trial;

4.  Plaintiffs' costs and reasonable attorneys' fees;

Together with such other and further relief that the Court deems just.

Dated:  New York, New York
        March 22, 2007

ROBERT WISNIEWSKI P.C.

By: _____

Robert Wisniewski, Esq.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York 10007
(212) 267-2101

To:
AWL INDUSTRIES INC.
460 Morgan Avenue
Brooklyn, NY 11222

PAVLOVICH & COMPANY, LLC.
c/o Robert Pavlovich
460 Morgan Avenue
Brooklyn, NY 11222

ROBERT PAVLOVICH
460 Morgan Avenue
Brooklyn, NY 11222

20 Gristmill Ln
Manhasset, NY 11030

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WACLAW SOBCZAK and RADOSLAW GARDOCKI
on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

AWL INDUSTRIES INC., PAVLOVICH & COMPANY, LLC
and ROBERT PAVLOVICH,

Defendants.
------------------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair

Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of

others similarly situated and to make decisions on my behalf and on behalf of others similarly

situated concerning the litigation, the method and manner of conducting this litigation, and all

other matters pertaining to this lawsuit.

*WACLAW SOBCZAK*

Print Name

*42 DIAHOND ST # 9 BROOKLYN NY11222*

Address

*(917) 865 - 2983*

Telephone

Sign Name

*03 - 21 - 07*
Date

TO:

ROBERT WISNIEWSKI P.C.

Attorneys at Law

225 Broadway, Suite 612 New York, NY 10007

(212) 267-2101

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

WACLAW SOBCZAK and RADOSLAW GARDOCKI
on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

AWL INDUSTRIES INC., PAVLOVICH & COMPANY, LLC
and ROBERT PAVLOVICH,

Defendants.

-----------------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair

Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of

others similarly situated and to make decisions on my behalf and on behalf of others similarly

situated concerning the litigation, the method and manner of conducting this litigation, and all

other matters pertaining to this lawsuit.

RADOSLAW GARDOCKI

Print Name

97-06   103 AV OZONE PARK 11417 N.Y

Address

16462503586

Telephone

Radoslaw Gardocki

Sign Name

Date  03/20/07

TO:

ROBERT WISNIEWSKI P.C.

Attorneys at Law

225 Broadway, Suite 612 New York, NY 10007

(212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    AWL INDUSTRIES INC.
PAVLOVICH & COMPANY, LLC.
and the officers thereof:
460 Morgan Avenue
Brooklyn, NY 11222

PLEASE TAKE NOTICE, that WACLAW SOBCZAK, RADOSLAW GARDOCKI and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts thereform on or after five (5) days from receipt of this notice.

Dated: New York, New York
March 22, 2007

ROBERT WISNIEWSKI P.C.

By: _____

Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York 10007
(212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   ROBERT PAVLOVICH

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that WACLAW SOBCZAK, RADOSLAW GARDOCKI and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of AWL INDUSTRIES INC., PAVLOVICH & COMPANY, LLC. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
March 22, 2007

ROBERT WISNIEWSKI P.C.

By: _____

Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York 10007
(212) 267-2101