ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
WACLAW SOBCZAK, RADOSLAW GARDOCKI, DARIUSZ
CHOJNOWSKI, MIECZYSLAW DABROWSKI, JAN
DOBROWOLSKI, WOJCIECH GARDOCKI,
MARCIN KAMA, ANDRZEJ KIRYK,
ANDRZEJ LASICA, EWELINA LASICA,
ZBIGNIEW PLUCINSKI, MANICKCHAND BADAL,
HENRY PALOMEQUE, PABLO PALOMEQUE,
GABRIEL MITCHELL, EVGENI KIREEV,
MARIUSZ GODLEWSKI on behalf of themselves and
others similarly situated,

            **Docket No.:07-1226
(BMC) (RER)**

            **CLASS ACTION
JURY TRIAL
DEMANDED**

            Plaintiffs,

          -against-

AWL INDUSTRIES INC., PAVLOVICH & COMPANY, LLC
and ROBERT PAVLOVICH,

            Defendants.
--------------------------------------------------------------------------X

## AMENDED COMPLAINT

1.     Plaintiffs, Waclaw Sobczak ("Sobczak"), Radoslaw Gardocki ("Gardocki R."),

Dariusz Chojnowski ("Chojnowski"), Mieczyslaw Dabrowski ("Dabrowski"), Jan

Dobrowolski ("Dobrowolski"), Wojciech Gardocki ("Gardocki W."), Marcin

Kama ("Kama"), Andrzej Kiryk ("Kiryk"), Andrzej Lasica ("Lasica A."), Ewelina

Lasica ("Lasica E.") and Zbigniew Plucinski ("Plucinski"), Manickchand Badal

("Badal"), Mariusz Godlewski ("Godlewski"), Evgeni Kireev ("Kireev"), Henry

Palomeque ("Palomeque, H."), Pablo Palomeque (Palomeque, P.), Gabriel Mitchell ("Mitchell") (collectively, the "Plaintiffs"), individually and on behalf of others similarly situated by their attorneys, Robert Wisniewski, P.C., as and for their Complaint against the Defendants AWL Industries, Inc., ("AWL"); Pavlovich & Company, LLC, ("Pavlovich & Co.") (AWL and Pavlovich & Co. are collectively referred to as the "Corporate Defendants") and Robert Pavlovich ("Pavlovich" or the "Individual Defendant"), state as follows:

## NATURE OF THE ACTION

2.     Plaintiffs on behalf of themselves and others similarly situated (See **Exhibit 1** attached to the Complaint) bring this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the New York Minimum Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA"), the New York State Labor Law ("Labor Law") § 198-b and §193 and the New York state common law, and to recover on claims for violation of the civil rights under the Civil Rights Act of 1871 (42 U.S.C. §§ 1983 and 1988).

3.     The Individual Defendant is the officer, shareholder, manager and/or majority owner of the Corporate Defendants, which provides services in the area of construction on city, state and federal public job sites within the New York City area. Plaintiffs have been employed by Corporate Defendants as carpenters, who regularly worked over 40 hours per week, but were not compensated properly for the hours they worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiffs, at all relevant times herein, were and are residents of the State of New York, Counties of Kings and Queens, except that Plaintiff Kama now resides in the State of New Jersey, County of Mercer, and Plaintiff Mitchell now resides in the State of New Jersey, County of Monmouth.

5.      Defendant AWL at all relevant times herein, was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business within the State of New York.

6.      Defendant Pavlovich & Co. at all relevant times herein, was and is a domestic limited liability company duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business within the State of New York.

7.      The Individual Defendant at all relevant times herein was and still is a resident of the State of New York, County of Nassau.

8.      The Individual Defendant is the officer, director, manager and/or majority shareholder or owner of the Corporate Defendants and as one of the ten largest shareholders is individually responsible for unpaid wages under the New York Business Corporation Law (See **Exhibit 2** attached to the complaint).

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over the Plaintiffs' state

law claims pursuant to 28 U.S.C. §1367.

10.   The Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and defendants are thus employers subject to the jurisdiction of the FLSA.

11.   This Court has personal jurisdiction over the Corporate Defendants and the Individual Defendant in that all Defendants are the citizens and residents of the State of New York.

12.   This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

13.   Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14.   Plaintiffs and others similarly situated have been employees of the Corporate Defendants during the six years immediately preceding the initiation of this action and have performed labor and services as carpenters and laborers as defined by the FLSA and the NYMWA and regulations promulgated by the Department of Labor's Wage and Hour Division, but Plaintiffs have not received the compensation required by the FLSA, the NYMWA and/or the common law of the State of New York.

15.   The Corporate Defendants are engaged in provision of goods and services relating

to the construction in the city of New York and its vicinity.

16.     Plaintiff Sobczak was employed by the Corporate Defendants as a manual worker and performed work in trades such as carpenter, asbestos worker, iron worker and lead removal worker from approximately February, 2003 through April, 2005.

17.     Plaintiff Gardocki R. was employed by the Corporate Defendants as a manual worker and performed work in trades such as carpenter from approximately October 6, 2004 to June 8, 2005 and from December 1, 2005 to April 12, 2006.

18.     Plaintiff Chojnowski was employed by the Corporate Defendants as a manual worker and performed work in trades such as carpenter, painter, asbestos worker, iron worker, sheet metal worker and demolition laborer from approximately August 2003 through December 2005.

19.     Plaintiff Dabrowski was employed by the Corporate Defendants as a manual worker and performed work in trades such as carpenter, plumber, painter, demolition laborer, asbestos worker, foreman and an insulation worker from approximately September of 2001 through January of 2002, for a few days in October of 2002 and from approximately February of 2003 through September of 2005.

20.     Plaintiff Dobrowolski was employed by the Corporate Defendants as a manual worker and performed work in trades as asbestos worker from approximately September 4, 2003 through November 26, 2003 and from February 5, 2004 through February 11, 2004 and as a laborer from August 19, 2004 through September 22, 2004.

21.     Plaintiff Gardocki W. was employed by the Corporate Defendants as a manual
        worker and performed work in trades such as carpenter, tiler, painter, sheet metal
        worker, insulation worker and a demolition laborer from approximately
        September of 2004 through May of 2005.

22.     Plaintiff Kama was employed by the Corporate Defendants as a manual worker
        and performed work in trades such as carpenter, painter, asbestos worker, sheet
        metal worker, insulation worker and a demolition laborer from approximately
        September 2003 through January 2005.

23.     Plaintiff Kiryk was employed by the Corporate Defendants as a manual worker
        and performed work in trades such as carpenter, plumber, tiler, asbestos worker,
        painter, iron worker, sheet metal worker, insulation worker, plasterer and
        demolition laborer from approximately April of 2003 through April 14, 2004.

24.     Plaintiff Lasica A. was employed by the Corporate Defendants as a manual
        worker and performed work in trades such as carpenter, plumber, tiler, asbestos
        worker, painter, iron worker, sheet metal worker, insulation worker, plasterer and
        a demolition laborer from approximately January of 2003 through September of
        2005.

25.     Plaintiff Lasica E. was employed by the Corporate Defendants as a manual worker
        and performed work in trades such as asbestos abatement worker and an
        insulation worker from approximately May of 2003 through September 1, 2004.

26.     Plaintiff Plucinski was employed by the Corporate Defendants as a manual worker
        and performed work in trades such as asbestos worker from approximately

September 4, 2003 through November 26, 2003 and from approximately February 5, 2004 through February 11, 2004 and laborer from August 19, 2004 through September 22, 2004.

27.   Plaintiff Godlewski was employed by the Defendants for three months in 2004 as a manual worker and performed work in trades such as painter and carpenter.

28.   Plaintiff Mitchell was employed by Defendants from February 10, 2004 through August 2006 as a manual worker and performed work as sheet metal installer.

29.   Plaintiff Palomeque, H. was employed by Defendants from approximately April 24, 2002 until May 26, 2004 as a manual worker and performed work in trades such as insulator and demolition laborer.

30.   Plaintiff Palomeque, P. was employed by Defendants from approximately May 1, 2002 until May 26, 2004 as a manual worker and performed work in trades such as laborer and insulator.

31.   Plaintiff Kireev was employed by Defendants from November 20, 2002 until June 30, 2004 as a manual worker and performed work in trades such as  painter, tiler, and mold remediator.

32.   Plaintiff Badal was employed by Defendants from April 2, 2003 through August 3, 2005 as a manual worker and performed work in trades such as sheet metal worker, installer, plasterer, demolition laborer, carpenter, mason and ventilator.

33.   Plaintiffs and others similarly situated regularly worked at least 40 hours per week but were not paid for all the time they worked for the Corporate Defendants.

34.   Plaintiffs and others similarly situated regularly worked in excess of 40 hours per

week but were not paid the proper overtime rate under Federal and New York State law.

35.    At all times herein, Defendant AWL was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 460 Morgan Avenue, Brooklyn, NY 11222.

36.    At all times herein, Defendant Pavlovich & Co. was and still is a limited liability company duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 460 Morgan Ave, Brooklyn, NY 11222.

37.    At all times herein, the Corporate Defendants transacted and still transact substantial business and derived and still derive substantial revenue from services rendered in the State of New York.

38.    The Corporate Defendants bid upon, obtained and performed, publicly-financed projects, i.e., city, state and federal projects.

39.    The Corporate Defendants performed contracts entered into between them and the various governmental instrumentalities, which contracts were covered by the relevant provisions of the New York Labor Law and various federal laws relating to the prevailing rate of wage and supplemental benefits to be paid to employees of the Corporate Defendants.

40.    The Corporate Defendants entered into a contract with Plaintiffs to perform the work for which Plaintiffs provided labor, and that such work was part of publicly

financed projects covered by the provisions of New York Labor Law and various federal laws.

41.   When the Corporate Defendants entered into the aforesaid contracts to perform the work for which Plaintiffs provided labor, the Corporate Defendants were required, under relevant law, to pay its employees, including the Plaintiffs, the prevailing rate of wage and supplemental benefits that were specified in such contracts or were incorporated by reference into such contracts.

42.   As workers on publicly financed projects, Plaintiffs were owed a prevailing rate of wage and supplemental benefits based on their proper trade classification.

43.   Defendants routinely misclassified the trade which employees performed, so as to pay a lower prevailing wage and supplemental benefits than that required under relevant New York and Federal laws.

44.   Below are a number of examples of Defendants' policy of misclassifying Plaintiffs:

   a)   Plaintiff Mitchell was paid only as a demolition laborer and paid a lower rate, when in fact he worked as a sheet metal worker.

   b)   Plaintiffs Sobczak was paid only as a mason-tender and paid a lower rate, when in fact he worked as a carpenter, asbestos worker, iron worker and lead removal worker

   c)   Plaintiff Badal was paid only as a asbestos remover and paid a lower rate, when in fact he worked as a sheet metal worker, installer, plasterer, demolition laborer, carpenter, mason and ventilator.

   d)   Plaintiff Lasica, A. was paid only as a asbestos remover and paid a lower rate, when in fact he worked as a carpenter, plumber, tiler, asbestos worker, painter, iron worker, sheet metal worker, insulation worker, plasterer and a demolition laborer.

45.   Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other federal law, in respect to their work on the projects for which they provided labor.

46.   At all times herein, the Individual Defendant was and still is an owner, director, officer, manager, employee and/or agent of the Corporate Defendants.

47.   At all times herein, the Individual Defendant has conducted business as the Corporate Defendants.

48.   At all times relevant herein, the Individual Defendant has acted for and on behalf of the Corporate Defendants, with the power and authority vested in him as officer, agent and an employee of the Corporate Defendants, and has acted in the course and scope of his duties and functions as agent, employee and officer of the Corporate Defendants.

49.   The Corporate Defendants are alter egos of each other, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendants have no separate legal existence from each other, and, as a result, the Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

47.   The Corporate Defendants are alter egos of the Individual Defendant, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendants have no separate legal existence from the Individual Defendant, and, as a result, the Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

-10-

48. Upon information and belief, at all times relevant herein, Defendants AWL and Pavlovich & Co. were joint employers of Plaintiffs; shared public works and other jobs with each other; were joint venturers on such projects; had common employees; and were alter egos of each other such that they do not have separate existence from each other, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, each of the Corporate Defendants has no separate legal existence from each other and collectively, and jointly and severally, the Corporate Defendants are liable for all claims made herein by Plaintiffs.

49. At all times relevant herein, the Individual Defendant has directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiffs by virtue of his position with the Corporate Defendants has been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendants.

50. The Individual Defendant has willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of his positions as a controlling owner, shareholder, director, officer and/or manager of Corporate Defendants, has assumed personal liability for the claims of the Plaintiffs herein.

51. The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

52. The Defendants are joint employers of Plaintiffs and as a result, all Defendants,

individually and collectively, and jointly and severally, are liable for all claims made herein.

## CLASS ALLEGATIONS

53.  Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by the Corporate Defendants as carpenters and laborers and others who performed same or similar work, labor and services but did not receive the compensation required by the FLSA, other provisions of the Federal Labor Law, the NYMWA, and the common law of the State of New York.

54.  Upon information and belief, this class of persons consists of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

55.  There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiffs by Corporate Defendants is subject to the jurisdiction and the wage, the prevailing rate of wage and supplemental benefits and overtime requirements of the FLSA and the NYMWA and the common law of New York. Only the amount of individual damages sustained by each class member will vary.

56.  The claims of the named Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Corporate Defendants.

57.  The named Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the

other members of the class.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

59. The named Plaintiffs bring the first through the third claims for relief herein on behalf of themselves individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that the named Plaintiffs and all persons similarly situated have against Corporate Defendants as a result of Corporate Defendants' violations under the FLSA, the Labor Law, other provisions of the Federal Labor Law and the common law of the State of New York.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against Corporate Defendants)

60. Plaintiffs repeat and reallege each and every allegation as previously set forth.

61. Plaintiffs and all others similarly situated agreed to perform work and services as laborers for Corporate Defendants.

62. Plaintiffs and all others similarly situated satisfactorily supplied labor in connection with and in furtherance of the work required under the Corporate Defendants' construction contracts with various governmental instrumentalities and in doing so, complied with the terms of their employment agreements with the Corporate Defendants and were therefore entitled to wages they rightfully earned while working for Corporate Defendants.

63. The Defendants failed or refused to pay Plaintiffs and others similarly situated the wages to which they were entitled under their respective employment agreements

-13-

with the Corporate Defendants.

64.   The Corporate Defendants' failure or refusal to pay Plaintiffs and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants constitutes a breach of Plaintiffs' employment agreements with the Corporate Defendants.

65.   That by virtue of the foregoing breach of contract by Corporate Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and others similarly situated should have been paid as contemplated by their respective employment agreements with the Corporate Defendants, less amounts actually paid to Plaintiffs and others similarly situated, together with an award of interest, costs, disbursements, attorneys' fees.

### SECOND CLAIM FOR RELIEF
### (Third Party Beneficiary Claim)

66.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

67.   Defendants were required, under New York Labor Law and federal laws, to pay their employees, including Plaintiffs and others similarly situated not less than the prevailing rate of wage and supplemental benefits that was specified in such contracts or was incorporated by reference into such contracts.

68.   Plaintiffs  and others similarly situated were persons covered by, or the intended third-party beneficiaries of, the contracts entered into by the Corporate Defendants with the various instrumentalities of city, state and federal government to perform work on public works, which were covered by the provisions of New York Labor

Law and various federal laws.

69.  In accordance with the terms and conditions of the Corporate Defendants'
     construction contracts with various governmental instrumentalities, and the
     relevant provisions of the New York Labor Law and various federal laws relating
     to the prevailing rate of wage and supplemental benefits to be paid to employees
     of the Corporate Defendants, Plaintiffs and others similarly situated should have
     been paid the prevailing wage and prevailing wage supplements for the work and
     labor Plaintiffs and others similarly situated supplied in connection with and in
     furtherance of the work contemplated by such contracts.

70.  The Corporate Defendants knowingly and willfully failed or refused to pay
     Plaintiffs and others similarly situated the prevailing rate of wage and
     supplemental benefits for regular and overtime hours of work in connection with
     the execution of the Corporate Defendants' contracts with various governmental
     instrumentalities.

71.  The Corporate Defendants' failure or refusal to pay Plaintiffs and others similarly
     situated the prevailing rate of wage and supplemental benefits constitutes a
     material breach of the Corporate Defendants' contracts with various governmental
     instrumentalities.

72.  Defendants violated the provisions of New York Labor Law in that they failed to
     pay the Plaintiffs and others similarly situated the prevailing rate of wage and
     supplemental benefits required under the relevant laws.

73.  Plaintiffs and others similarly situated did not receive the monies they were due

as beneficiaries of New York Labor Law and/or various federal laws, which provided for the payment of the prevailing rate of wage and supplemental benefits and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs and others similarly situated were paid and the amount of prevailing rate of wage and supplemental benefits Plaintiffs and others similarly situated should have been paid, together with an award of interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes and such other relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF
### (NYMWA)

74.   Plaintiffs repeat each and every allegation previously made herein.

75.   Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law § 198 and the Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-143, Plaintiffs and others similarly situated were entitled to certain hourly minimum wages, overtime wages, and other wages, all of which the Defendants intentionally failed to pay in violation of such laws.

76.   Wherefore Plaintiffs seek a judgment on behalf of themselves and others similarly situated against all Defendants for all wages which should have been paid, but were not paid, pursuant to the NYMWA and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, each Plaintiff, along with an award of attorneys' fees, interest and costs as provided under the NYMWA and Labor Law § 198 and § 663.

-16-

## FOURTH CLAIM FOR RELIEF
### (FLSA)

77.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

78.     Plaintiffs bring this claim for relief on behalf of themselves and others similarly situated pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, Plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

79.     Plaintiffs and others similarly situated worked more than forty (40) hours per week for Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

80..    Plaintiffs seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiffs, and Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

## FIFTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

81.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

82.     The Defendants, under color of law, statute, ordinance, regulation, custom or usage, deprived the Plaintiffs of their rights, privileges and immunities protected by the U.S. Constitution and federal law, including the FLSA, by failing to compensate them with proper prevailing, minimum and overtime wages for labor and services performed by Plaintiffs.

83.   The aforesaid violations of the U.S. Constitution and federal law were committed
      by the Defendants pursuant to an official custom, policy or practice of the said
      Defendants.

84.   Defendants' unconstitutional conduct has proximately caused each of these
      Plaintiffs to suffer monetary injuries and damages including the violation of their
      constitutional rights and loss of earnings.

      WHEREFORE, it is respectfully requested that the Court assume jurisdiction
herein and thereafter Plaintiffs demand a trial by jury and judgment against all defendants
as follows:

      1.    Compensatory damages in an amount to be determined at trial, together
            with interest;

      2.    Liquidated damages pursuant to the FLSA and NYMWA;

      3.    Punitive damages in an amount to be determined at trial;

      4.    Plaintiffs' costs and reasonable attorneys' fees;

      Together with such other and further relief that the Court deems just.

Dated:   New York, New York
         October 13, 2008

                              ROBERT WISNIEWSKI P.C.

                              By: _____
                                    Robert Wisniewski, Esq.
                              Attorneys for Plaintiffs
                              225 Broadway, Suite 612
                              New York, New York  10007
                              (212) 267-2101

To:
James Murphy, Esq.
EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
250 Park Avenue
New York, New York 10177

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WACLAW SOBCZAK and RADOSLAW
GARDOCKI, on behalf of themselves and others
similarly situated,

                           Plaintiffs,

             – against –

AWL INDUSTRIES INC., PAVLOVICH &
COMPANY, LLC and ROBERT PAVLOVICH

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:   Civil Action No.:
:   07-1226 (BMC)(RER)
:
:
:
:   **STIPULATION TO**
:   **AMEND COMPLAINT**
:
:
:
:
:
:

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

parties, that pursuant to Rule 15 of the Federal Rules of Civil Procedure that Plaintiffs may file

the attached Amended Complaint with the Court and serve it upon Defendants.

      IT IS FURTHER STIPULATED AND AGREED, by and between the parties,

that this Stipulation is without prejudice to the assertion any and all claims and substantive and

procedural defenses of the Defendants, including but not limited to any defenses concerning

limitations periods, release, relation back of claims, severance of claims and/or parties and the

appropriateness of the claims proceeding as a collective action.

October 16, 2008

ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiffs

By: _____
    Robert Wisniewski

225 Broadway, Suite 612
New York, New York 10007
212-267-2101
rw@rwapc.com

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants

By: _____
    James G. Murphy

250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
jmurphy@ebglaw.com